DECISION
Appellant, Danny W. Shelton, appeals from a judgment of the Franklin County Court of Common Pleas that sentenced him to two concurrent terms of six months each for misdemeanors and to eleven months for a fifth-degree felony to be served consecutive to his previous sentence. Appellant sets forth the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred in imposing a term greater than the minimum period of incarceration, without making findings as required by R.C. 2929.14, upon a defendant with no prior history of imprisonment.
SECOND ASSIGNMENT OF ERROR:
 The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
In his first assignment of error, appellant argues that the trial court failed to comply with R.C. 2929.14(B) and State v. Edmonson (1999),86 Ohio St.3d 324, in imposing more than the minimum sentence upon appellant, as he had not served a prior term of imprisonment. R.C.2929.14(B) provides:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In Edmonson, the court held that, although R.C. 2929.14(B) does not require the trial court to give reasons for imposing more than the minimum sentence upon an offender who has not previously served time in prison, it must make the required statutory findings. That is, the trial court must find either, or both, that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.
While in State v. Thatcher (Dec. 27, 2001), Franklin App. No. 01AP-569, unreported, this court held a trial court did not have to repeat the language of the statute verbatim in order to be in compliance with R.C. 2929.14(B), this case illustrates why such a procedure is preferable as it avoids confusion to the parties and does not require a reviewing court to speculate as to the meaning of words used to determine compliance with R.C. 2929.14(B).
In this instance, the trial court stated, at sentencing:
 * * * [H]e also capiased from his arraignment on the new case. And there's a capias on the F — Okay. Court finds that he is in violation of his probation in the misdemeanor and in the felony; that it was committed for felony that it was committed for hire, or as part of organized criminal activity, making the offense more serious; that there's prior adjudication of delinquency or history of criminal conviction; failure to respond favorably in the past to probation or parole; failure to acknowledge patterns of drug and alcohol abuse relating to the offense; no genuine remorse; violated community control in this case; substantial likelihood of reoffending, making recidivism more serious. And under 2929.13, committed for hire or as part of organized criminal activity.
 Weighing the seriousness and recidivism factors, a prison term is consistent with the purposes and principles of 2929.11. Offender is not amenable to available community control sanctions. His probation is being revoked on the misdemeanor and the felony because he failed to report twice in December of '98; tested positive for cocaine on 12-4 of '98; went AWOL from the Foluke program on 4-25 of '99; declared an absconder on 6-1 of '99; failed to provide verification of child support payments. * * * [Tr. 15-16.]
It appears the trial court analyzed the seriousness and recidivism factors set forth in R.C. 2929.12 and appears to have concluded, pursuant to R.C. 2929.12(D)(3), that appellant had a "substantial likelihood of reoffending, making recidivism more serious," rather than complying with the requirements of R.C. 2929.14(B).
Even assuming arguendo the trial court's language could be construed to address the factors set forth in R.C. 2929.14(B), it nonetheless fails to meet the requirements of the statute or Edmonson. While R.C. 2929.14(B) requires the trial court to state findings, the trial court's language in this case comes closer to stating reasons rather than the required statutory finding. Therefore, appellant's first assignment of error is sustained.
In his second assignment of error, appellant argues and appellee concedes that the trial court failed to comply with R.C. 2929.14(E)(4) by failing to find the statutory factors necessary in order to impose consecutive sentences upon appellant. Appellant's second assignment of error is sustained.
Therefore, for the foregoing reasons, appellant's assignments of error are sustained, and this matter is remanded to the trial court for further proceedings in accordance with this decision.
Cause remanded.
BRYANT and BROWN, JJ., concur.